NO. 07-11-0111-CR
 
 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 OCTOBER 13, 2011
 ______________________________

 BRYAN KEITH JERRELL,

 Appellant

 v.

 THE STATE OF TEXAS, 

 Appellee
 _______________________________
 
 FROM THE 320th DISTRICT COURT OF POTTER COUNTY;

 NO. 50,264-D; HON. DON EMERSON, PRESIDING
 _______________________________
 
 ABATEMENT AND REMAND
 _______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Bryan Keith Jerrell, appellant, appeals his conviction for indecency with a child by exposure. Appellant timely perfected his appeal. The clerk's and reporter's records were filed on July 14, 2011. Appellant's brief was due on August 15, 2011. On August 22, 2011, counsel for appellant filed a motion to extend the time to file appellant's brief, which was granted to September 14, 2011. Neither a brief nor an extension motion was filed by that date, so on September 22, 2011, this Court notified appellant by letter that appellant's brief was overdue and the brief was to be filed by October 3, 2011. On September 26, 2011, counsel for appellant filed a second extension request, asking for an additional thirty days to file his brief. The motion was granted to the extent that the brief was due no later than October 11, 2011, or the case would be abated and remanded for further proceedings and no further extensions would be granted. However, on October 4, 2011, instead of receiving appellant's brief, counsel filed a third extension motion requesting until October 31, 2011.
Those convicted of criminal acts are entitled to effective assistance of counsel on appeal. The failure of counsel to timely prosecute an appeal falls short of rendering such assistance. Consequently, we abate the appeal and remand the cause to the 320th District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine 1) whether appellant desires to prosecute this appeal, 2) whether appellant is indigent and entitled to appointed counsel, and 3) whether appellant's current attorney was appointed or retained. The trial court is ordered to execute pertinent findings of fact on these matters. Should it be found that appellant desires to pursue the appeal, is indigent, and his current legal counsel was appointed, then the trial court is ordered to remove appellant's current legal counsel and appoint another to zealously represent appellant's interest on appeal. The name, address, phone number, telefax number, and state bar number of the new attorney must also be included in the court's findings of fact and conclusions of law. Lastly, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. The foregoing supplemental clerk's and reporter's records must be filed by the trial court with the clerk of this court on or before October 26, 2011. Should additional time be needed to perform these tasks, the trial court may request same on or before October 26, 2011.
It is so ordered.
 Per Curiam
Do not publish.